UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FRANKIE LARA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-4123** |
| | § | |
| **FRANK BISIGNANO,** | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Unopposed Motion for Attorney Fees. (ECF No. 21). On May 14, 2026, the District Judge granted an unopposed motion to remand and remanded the case to Defendant pursuant to the fourth sentence of 42 U.S.C. § 405(g). (ECF No. 20).

Plaintiff's Unopposed Motion for Attorney Fees contains a certification that Plaintiff's counsel conferred with counsel for the Commissioner and there is no objection to the Motion. (ECF No. 21 at 4). Plaintiff asserts that attorney's fees are justified because Plaintiff is the prevailing party, the Commissioner requested the voluntary remand, and the Court granted the agreed voluntary remand for all further proceedings. (*Id.* at 2). Plaintiff seeks

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 7).

recovery for 19.5 hours of attorney services at an hourly rate of $242, for a total of $4,961.00.  (*Id.* at 3; ECF No. 21-1 at 2).

This Court has independently determined the hourly rate and the number of hours sought by Plaintiff are reasonable. *See Alexander v. Saul*, 3:19-cv-0511, 2020 WL 7327984, at *2 (N.D. Tex. Nov. 12, 2020) (collecting cases that found high numbers of attorney hours were reasonable given the plaintiff's success and considering all the work performed).

Accordingly, this Court **RECOMMENDS** Plaintiff's Unopposed Motion for Attorney Fees (ECF No. 21) be **GRANTED** and Plaintiff be awarded $4,961.00 in attorney's fees.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 26, 2026.

Richard W. Bennett
United States Magistrate Judge

2